1  LAURIE A. TRAKTMAN (SBN 165588)
   **GILBERT & SACKMAN**
2  A Law Corporation
   3699 Wilshire Boulevard, Suite 1200
3  Los Angeles, California 90010-2732
   (323) 938-3000; Fax: (323) 937-9139
4
   Attorneys for Plaintiffs
5

6
                    UNITED STATES DISTRICT COURT
7
                   CENTRAL DISTRICT OF CALIFORNIA
8
   BOARD OF TRUSTEES OF THE          )   Case No. CV-09-8972 SVW (PJWx)
9  SHEET METAL WORKERS'              )
   PENSION PLAN OF SOUTHERN          )   ORDER ON STIPULATION FOR
10 CALIFORNIA, ARIZONA AND           )   JUDGMENT
   NEVADA; BOARD OF TRUSTEES         )
11 OF THE  SHEET METAL WORKERS'      )
   HEALTH PLAN OF SOUTHERN           )
12 CALIFORNIA, ARIZONA AND           )            JS - 6
   NEVADA; BOARD OF TRUSTEES         )
13 OF THE SOUTHERN CALIFORNIA        )
   SHEET METAL JOINT                 )
14 APPRENTICESHIP AND TRAINING       )
   COMMITTEE; BOARD OF               )
15 TRUSTEES OF THE SHEET METAL       )
   WORKERS' LOCAL 105 RETIREE        )
16 HEALTH PLAN; BOARD OF             )
   TRUSTEES OF THE SOUTHERN          )
17 CALIFORNIA SHEET METAL            )
   WORKERS' 401(A) PLAN; BOARD       )
18 OF TRUSTEES OF THE SHEET          )
   METAL WORKERS'                    )
19 INTERNATIONAL ASSOCIATION,        )
   LOCAL UNION NO. 105 UNION         )
20 DUES CHECK-OFF FUND; AND          )
   BOARD OF TRUSTEES OF THE          )
21 SHEET METAL INDUSTRY FUND OF      )
   LOS ANGELES,   Plaintiffs,        )
22                                   )
                   v.                )
23                                   )
   ARRAY BUILDERS, INC.; REZA        )
24 HEDAYAT; and HENGAMEH HAGHI       )
   HEDAYAT, individuals,             )
25                                   )
         Defendants.                 )
26
27
28

1        Pursuant to the Stipulation by and between Plaintiffs, Board of Trustees of the

2  Sheet Metal Workers' Pension Plan of Southern California, Arizona and Nevada

3  ("Pension Plan"); Board of Trustees of the  Sheet Metal Workers' Health Plan of

4  Southern California, Arizona and Nevada ("Health Plan"); Board of Trustees of the

5  Southern California Sheet Metal Joint Apprenticeship and Training Committee ("JATC");

6  Board of Trustees of the Sheet Metal Workers' Local 105 Retiree Health Plan ("Retirees

7  Plan"); Board of Trustees of the Southern California Sheet Metal Workers' 401(a) Plan

8  ("401(a) Plan"); Board of Trustees of the Sheet Metal Workers' International Association,

9  Local Union No. 105 Union Dues Check-off Fund ("Dues Fund"); and Board of Trustees

10  of the Sheet Metal Industry Fund of Los Angeles ("Industry Fund") (collectively the

11  "Plans" or "Trust Funds"), and defendants, Reza Hedayat; and Hengameh Haghi

12  Hedayat (collectively, "Individual Defendants"); and Array Builders, Inc. (collectively

13  "Defendants"), the Court has considered the matter fully and concluded that good cause

14  exists to approve the parties' Stipulation in its entirety.

15        Accordingly, **IT IS HEREBY ORDERED, ADJUDGED AND DECREED** as follows:

16

17      1.    The Company and the Individual Defendants are indebted to the Plans in

18  the amount of $123,671.23.  Said amount is comprised of contributions in the amount of

19  $87,054.79 for the delinquent work months of August 2009 ($26,571.10), September

20  2009 ($31,615.10) and October 2009 ($28,868.59); liquidated damages in the amount of

21  $17,410.96 for all delinquent work months of August 2009, September 2009 and October

22  2009;  interest at 10% per annum in the amount of $8,705.48; attorney's fees

23  ($10,000.00), and costs of suit ($500).

24      2.    Judgment may be entered in this case in favor of the Plans and against the

25  Company and Individual Defendants jointly and severally, in the amount of $123,671.23

26  in delinquent employee benefit plan contributions, liquidated damages, attorney fees and

27  costs, together with post-judgment interest thereon at the rate of 10% per annum as of

28  the date of the Judgment.

1    3.    The Company and Individual Defendants may satisfy the judgment by

2  paying a total of $104,465.75.  Specifically, the Company and Individual Defendants shall

3  pay the $87,054.79 for the delinquent work months of August 2009 ($26,571.10),

4  September 2009 ($31,615.10) and October 2009 ($28,868.59); and liquidated damages

5  and interest ($17,410.96) for all delinquent work months of August 2009, September

6  2009 and October 2009, by making installments pursuant to the following installment

7  plan: October 2009 contributions in the amount of $28,868.59 shall be paid on or by

8  December 15, 2009, followed by two installments each in the amount of $5,500.00 on

9  January 15, 2009 and February 15, 2009, followed by seven installments of $6,740.88 on

10  the fifteenth day of each month beginning on March 15, 2009 and continuing on the 15th

11  day of each successive month ending on September 15, 2010, followed by two

12  installments each in the amount of $8,705.48 to be paid on October 15, 2010, and

13  November 15, 2010.  There will be an eye towards lessening the amount of liquidated

14  damages assessed in this paragraph if the Defendants remain in compliance with the

15  terms of this Stipulation and pay timely for the duration of the Stipulation.  Further, the

16  Company and Individual Defendants shall pay November 2009 contributions timely by

17  December 20, 2009, as well as paying contributions timely for each successive month.

18  Each and every installment payment must be made by fully negotiable check or cashier's

19  check payable to the "Sheet Metal Workers Trust Funds," and must be received on the

20  due dates stated above in the offices of the Sheet Metal Benefit Plan Administrative

21  Corp., attention Tasi Hernandez, 111 N. Sepulveda Blvd., Ste. 100, Manhattan Beach,

22  California 90266.

23    4.    In the event the Company and Individual Defendants, and any of them, fail

24  to comply with any of the provisions set forth in paragraphs 5 or 8 above, or any other

25  provision of this Stipulation, the entire amount of the judgment, less any payments

26  actually received at the time of such default, shall become immediately due and payable

27  to the Plans from the Company and Individual Defendant, plus interest on such unpaid

28  amounts at the annual rate of ten percent.

2

5.	This Court may retain jurisdiction over this matter through January 2011, to enforce the terms of any judgment entered hereunder, to order appropriate injunctive and equitable relief, to make appropriate orders of contempt, and to increase the amount of judgment based upon additional sums owed to the Plans by defendants.  Supplemental judgments may be entered in this action against the Company and Individual Defendants and in favor of the Plans for such sums as may be determined by the Plans and established upon application to the Court by declaration and noticed motion.

6.	The Plans shall have the right, upon twenty (20) days reasonable request made in writing, to audit or examine any books or records relating to the financial condition of the Company to ensure compliance with the terms of this Stipulation.

7.	This Stipulation does not limit the Trust Funds' right to file additional court actions to collect any additional sums owed should the Trust Funds discover further moneys owed to the Plans.

8.	In the event any litigation becomes necessary to enforce any term or terms of this Stipulation, the prevailing party or parties shall be awarded and shall recover all reasonable attorneys' fees and costs of suit.

**IT IS SO ORDERED**.

Dated: January 14, 2010

_____
Hon. Stephen V. Wilson

3